IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES E. WEST,

  Defendant Below,
  Appellant,

  v.

STATE OF DELAWARE,

  Appellee.

§
§
§ No. 389, 2025
§
§ Court Below—Superior Court
§ of the State of Delaware
§
§ Cr. ID Nos. 1905004787 and
§      1905004634 (S)
§

Submitted: October 20, 2025
Decided:  December 18, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

### <u>ORDER</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, James E. West, filed this appeal from a Superior Court order denying his motion for correction of an illegal sentence. The State of Delaware has moved to affirm the Superior Court's judgment on the grounds that it is manifest on the face of West's opening brief that the appeal is without merit. We agree and affirm.

(2) In 2019, a grand jury charged West with multiple crimes, including first-degree robbery (Count 11—S19C-05-0380) and attempted first-degree robbery (Count 6—S19-07-0556). In 2020, West pleaded guilty to three counts of first-

degree robbery (including Count 11), two counts of second-degree robbery, one count of attempted second-degree robbery (as a lesser included offense of attempted first-degree robbery in Count 6), and one count of second-degree conspiracy. As part of the plea agreement, the State agreed to cap its sentencing recommendation to twenty years of unsuspended Level V incarceration and not to seek habitual offender sentencing.

(3) Following a presentence investigation, the Superior Court sentenced West to ninety-two years of Level V incarceration, suspended after twelve years for decreasing levels of supervision. The sentence included: (i) twenty-five years of Level V incarceration, suspended after four years for first-degree robbery (Count 11—S19C-05-0380); and (ii) five years of Level V incarceration, suspended for two years of Level III probation for attempted second-degree robbery (Count 6—S19-07-0556). West did not appeal, but did file an unsuccessful motion for postconviction relief under Superior Court Criminal Rule 61.[1]

(4) In August 2025, West filed a motion for correction of illegal sentence. He argued that the sentence for Count 11—S19C-05-0380 was illegal. The Superior Court denied the motion. This appeal followed.

---

[1] *West v. State*, 319 A.3d 270, 2024 WL 1881136 (Del. Apr. 30, 2024) (TABLE) (affirming the Superior Court's denial of West's first Rule 61 motion).

(5) We review the Superior Court's denial of a motion for correction of illegal sentence for abuse of discretion.[2] To the extent a claim involves a question of law, we review the claim *de novo*.[3] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

(6) As he did below, West argues that the sentence for Count 11—S19C-05-0380 is illegal because that count was reduced from first-degree robbery (a class B felony with a Level V sentencing range of three to twenty-five years) to the lesser-included offense of attempted second-degree robbery (a class E felony at the time of the crime with a maximum Level V sentence of five years) in the plea agreement. He also argues that the Superior Court violated his due process rights in conducting the plea colloquy. West did not raise this claim below and the interests of justice do not weigh in favor of us considering this argument for the first time on appeal.[5]

(7) Contrary to West's contentions, Count 11—S19C-05-0380 was not reduced from first-degree robbery to attempted second-degree robbery in the plea

---

[2] *Fountain v. State*, 100 A.3d 1021, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) (TABLE).
[3] *Id.*
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[5] Supr. Ct. R. 8.

agreement. The relevant portion of the plea agreement states that West would plead guilty to:

| Count | Cr. A. # | Charge (LIO if applicable) |
|-------|----------|----------------------------|
| 6 | S19-05-380 | Att Robbery 2nd (LIO § 831(a)(1) [0-5 yrs L5] |
| 11 | S19-05-0250 | Robbery 1st [3-25 yrs L5] |

(8) As the Superior Court recognized in denying West's motion, the criminal action numbers in the plea agreement are incorrect. Count 6 should have been Cr. A. # S19-07-0556 and Count 11 should have been S19-05-0380. But the count numbers, charges, and sentencing ranges in the plea agreement are correct. West confirmed during the plea colloquy that he understood he was pleading guilty to three counts of first-degree robbery (which included Count 11), two counts of second-degree robbery, one count of attempted second-degree robbery (Count 6), and one count of second-degree conspiracy. The sentence imposed for first-degree robbery in Count 11—twenty-five years of Level V incarceration suspended after four years for two years of Level III probation—falls within the statutory range and

is not illegal.[6]  The Superior Court did not err in denying West's motion for correction of an illegal sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[6] 11 *Del. C.* § 832 (providing that first-degree robbery is a class B felony with a minimum sentence of three years at Level V); 11 *Del. C.* § 4205(b)(2) (providing that a class B felony has a maximum sentence of twenty-five years at Level V).